A CERTIFIED TRUE COPY
ATTEST
By Dana Stewart on Aug 18, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION



FILED
AUG 29 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 18, 2008

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: AVANDIA MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION

MDL No. 1871

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in three actions pending in the Central District of California, Eastern District of California, and District of New Jersey, respectively, as listed on Schedule A, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portions of our orders conditionally transferring the actions to Eastern District of Pennsylvania for inclusion in MDL No. 1871. Responding defendant SmithKlineBeecham Corp. d/b/a/ GlaxoSmithKline (GSK) opposes the motions.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 1871 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Pennsylvania was a proper Section 1407 forum for actions arising from allegations that certain diabetes drugs manufactured by GSK – Avandia and/or two sister drugs containing Avandia (Avandamet and Avandaryl) – cause an increased risk of heart attack and other physical injury, and that GSK failed to provide adequate warnings concerning that risk. *See In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 528 F.Supp.2d 1339 (J.P.M.L. 2007).

Plaintiffs can present their motions for remand to state court to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these three actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the

---

[*] Judge Heyburn took no part in the disposition of this matter.

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: 8/21/08
ATTEST: Tom Dempsey
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

- 2 -

Honorable Cynthia M. Rufe for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
J. Frederick Motz
Acting Chairman

John G. Heyburn II, Chairman*      Robert L. Miller, Jr.
Kathryn H. Vratil                  David R. Hansen

IN RE: AVANDIA MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                               MDL No. 1871

## SCHEDULE A

### Central District of California

Christa Cross, et al. v. SmithKline Beecham Corp., et al., C.A. No. 2:08-1965

### Eastern District of California

F.C. Mitchell, et al. v. SmithKline Beecham Corp., et al., C.A. No. 2:08-542

### District of New Jersey

Robert Cox, Sr. v. SmithKline Beecham Corp., C.A. No. 1:08-1699